Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KACHINA LLC, a California Limited Liability Company; GUY WEIZMAN, an individual; MARTIN ARSLANIAN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. SA CV10-01385 CJC (MLGx)<br><br>**[PROPOSED] ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE** |

WHEREAS Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach") and Defendants Kachina, LLC, Guy Weizman, and Martin Arslanian (collectively "Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having agreed to consent to the below terms, it is hereby:

**ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks"). Amongst

the many Coach Marks, one of the most well-known and recognized marks is Coach's Signature "C" Mark (see below).  Coach has used the Signature "C" Mark in association with the sale of goods since as early as 2001.  The Signature "C" Mark was first registered at the U.S. Patent and Trademark Office on September 24, 2002.  Registrations for the Signature "C" Mark include, but are not limited to, U.S. Reg. Nos. 2,832,589; 3,695,290; and 2,534,429



3. Plaintiffs have alleged that Defendants' importation, distribution, advertisement, offering for sale, and sale of products which infringe upon Coach's Signature "C" Mark and allegedly constitute trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et. seq. and under the common law.

4. Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Coach Marks, include either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the Signature "C" Mark, or marks confusingly similar or substantially similar to Coach's Signature "C" Mark, and, specifically from:

(a) Using Coach's Signature "C" Mark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Coach, or in any manner likely to cause others to believe that Defendants' products are connected with Coach or Coach's genuine merchandise;

(b)     Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as and for Coach's genuine merchandise;

(c)     Leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of Infringing Products;

(d)     Committing any other acts calculated to cause purchasers to believe that Defendants' products are Coach's genuine merchandise unless they are such;

(e)     Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation thereof; and

(f)     Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(e) above.

5.     Without any admission of liability, the parties have agreed that Defendants shall pay to Plaintiffs an amount in settlement of Plaintiffs' demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendants' alleged infringing activities. Plaintiffs and Defendants shall bear their own costs associated with this action.

6.     This Stipulation to Final Judgment and Injunction is a result of a compromise among the Parties of disputed claims and shall never, at any time or for any purpose, be considered as an admission of liability, relationship, and/or responsibility on the part of any of the Parties and any of their Related Persons and Entities, as they continue to deny such liability and relationship and disclaim such responsibility.

1    7. The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

2    8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED:  February 10, 2011

_____
Hon. Cormac J. Carney
**United States District Judge**